DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
KYLE PETERSEN (SBN 307483)
kpetersen@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:  310.282.2000
Facsimile:  310.282.2200

Attorneys for Defendants
UNREALISTIC IDEAS, LLC;
PIECE OF WORK PRODUCTIONS,
LLC; and ARCHIE GIPS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. SPOLAR, an individual; and TONNY JILL WILLIAMSON, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> DISCOVERY COMMUNICATIONS, LLC, a Delaware limited liability company; UNREALISTIC IDEAS, LLC, a Delaware limited liability company; PIECE OF WORK PRODUCTIONS, LLC, a California limited liability company; ARCHIE GIPS, an individual; WHITNY BRAUN, an individual; JAMES BRAUN, an individual; and DOES 1 through 25, <br><br> Defendants. | Case No.: 2:20-cv-08837-SVW-MAA <br><br> Assigned to Hon. Stephen V. Wilson <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6) OF DEFENDANTS UNREALISTIC IDEAS, LLC, PIECE OF WORK PRODUCTIONS, LLC, AND ARCHIE GIPS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [*Filed concurrently: Request for Judicial Notice; [Proposed] Order*] <br><br> Date:  January 25, 2021 <br> Time:  1:30 p.m. <br> Courtroom:  10A <br><br> Complaint Filed:  September 25, 2020 <br> Trial Date:  None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 25, 2021 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above-captioned Court, located at 350 W. 1st Street, Los Angeles, California 90012, Judge Stephen V. Wilson presiding, defendants Unrealistic Ideas, LLC ("Unrealistic"), Piece of Work Productions, LLC ("PWP"), and Archie Gips (collectively, the "Unrealistic Defendants") will, and hereby do, move to dismiss plaintiffs Jerry A. Spolar's and Tonny Jill Williamson's (collectively, "Plaintiffs") complaint in its entirety.

This motion to dismiss (the "Motion") is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs' claims for violation of the Defend Trade Secrets Act of 2016 ("DTSA"), breach of contract, and unfair competition fail to state a claim for which relief can be granted against the Unrealistic Defendants, and because Plaintiffs' unfair competition claim is superseded by the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426, *et seq*.

The Unrealistic Defendants' Motion to Dismiss is based upon this Motion, the supporting Memorandum of Points and Authorities incorporated herein, the Request for Judicial Notice filed concurrently with this Motion, the operative complaint, as well as all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on October 22, 2020 and November 25, 2020.  The October 22, 2020 telephonic conference was attended by counsel for the Unrealistic Defendants, counsel for Plaintiffs, and counsel for Discovery Communications, LLC ("Discovery").  During the conference, counsel for the Unrealistic Defendants set

/ / /

/ / /

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

2

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

forth the factual and legal bases for a motion to dismiss Plaintiffs' Complaint, as did counsel for Discovery.

Dated:  December 2, 2020                LOEB & LOEB LLP

By: */s/ David Grossman*
David Grossman
Kyle Petersen
Attorneys for Defendants
Unrealistic Ideas, LLC; Piece of Work
Productions, LLC; and Archie Gips

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

3

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 8

I.     INTRODUCTION ................................................................... 8

II.    PLAINTIFFS' FACTUAL ALLEGATIONS .............................................. 10

III.   ARGUMENT ..................................................................... 13

    A.   Legal Standard Under Rule 12(b)(6) ......................................... 13

    B.   Plaintiffs Fail To State A Claim For Violation Of The Defend Trade Secrets Act. ...................................................... 13

        1.   Plaintiffs Have Not Pleaded Sufficient Facts To Show That They Are The Owners Of Trade Secrets. .................... 14

            a.   Plaintiffs Fail To State A Claim As To Their "Work Product." ................................................ 15

            b.   Plaintiffs Fail To State A Claim As To Their "Expert List." .................................................. 16

        2.   Plaintiffs Have Not Alleged Sufficient Facts To Show That The Unrealistic Defendants Misappropriated Trade Secrets. ....................................................... 19

    C.   Plaintiffs Fail To State A Claim For Breach Of Contract Because They Have Not Alleged Any Facts Showing That The Unrealistic Defendants Breached The Nondisclosure Agreements. ............................................................ 21

    D.   Plaintiffs' Unfair Competition Claim Should Be Dismissed Because It Is Superseded By The California Uniform Trade Secrets Act. ............................................................ 24

IV.   CONCLUSION .................................................................. 26

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

4

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
  343 F.Supp.3d 868 (N.D. Cal. 2018) ........................................................... 13, 15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................... 10, 13, 20, 21

*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1988) ........................................................... 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...........................................................*passim*

*Calendar Research LLC v. StubHub, Inc.*,
  2:17-cv-04062-SVW-SS, 2017 U.S. Dist. LEXIS 222745 (C.D. Cal. Aug. 16,
  2017) ........................................................... 19

*Calendar Research LLC v. StubHub, Inc.*,
  2:17-cv-04062-SVW-SS, 2018 U.S. Dist. LEXIS 221053 (C.D. Cal. Aug. 7,
  2018) ........................................................... 18, 19

*CleanFish, LLC v. Sims*,
  Case No. 19-cv-03663-HSG, 2020 U.S. Dist. LEXIS 147034 (N.D. Cal. Aug. 14,
  2020) ........................................................... 18

*Conley v. Gibson*,
  355 U.S. 41 (1957) ........................................................... 23

*Digital Envoy, Inc. v. Google, Inc.*,
  370 F.Supp.2d 1025 (N.D. Cal. 2005) ........................................................... 24

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*,
  171 Cal.App.4th 939 (2009) ........................................................... 25

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310 (2011) ........................................................... 24

*Lortz v. Connell*,
  273 Cal.App.2d 286 (1969) ........................................................... 21

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

5

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

*MAI Sys. Corp. v. Peak Computer, Inc.*,
   991 F.2d 511 (9th Cir. 1993) ................................................................14

*Mattel, Inc. v. MGA Ent., Inc.*,
   782 F.Supp.2d 911 (C.D. Cal. 2010) .....................................................25

*Navigation Holdings, LLC v. Molavi*,
   445 F.Supp.3d 69 (N.D. Cal. 2020) .......................................................18

*Physician's Surrogacy, Inc. v. German*,
   Case No.: 17cv718-MMA (WVG), 2018 U.S. Dist. LEXIS 16261 (S.D. Cal. Jan.
   31, 2018) .................................................................................................20

*Silvaco Data Systems v. Intel Corp.*,
   184 Cal.App.4th 210 (2010) ..................................................................24

*Snapkeys, Ltd. v. Google LLC*,
   442 F.Supp.3d 1196 (N.D. Cal. 2020) ...................................................25

*Space Data Corp. v. X*,
   Case No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571 (N.D. Cal. Feb. 16,
   2017) .........................................................................................15, 23, 24

*Taoglas Grp. Holdings, Ltd. v. 2J Antennas USA, Corp.*,
   Case No.: 18CV1277-LAB (LL), 2019 U.S. Dist. LEXIS 44093 (S.D. Cal. Mar.
   18, 2019) ..........................................................................................14, 17, 21

*Vendavo, Inc. v. Price f(x) AG*,
   Case No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637 (N.D. Cal. Mar. 23,
   2018) .......................................................................................................15

*Waymo, LLC v. Uber Techs., Inc.*,
   256 F.Supp.3d 1059 (N.D. Cal. 2017) ...................................................26

**Statutes**

18 U.S.C. § 1839(3) ............................................................................14, 16, 18

Cal. Bus. & Prof. Code § 17200 .............................................................10, 25, 26

Cal. Civ. Code § 3426.8.................................................................................24

California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq* ............*passim*

California Business and Professions Code § 17200, *et seq*....................................24

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.........................................*passim*

**Other Authorities**

Fed. R. Civ. Proc. 8(a) .................................................................... 10, 16, 23

Fed. R. Civ. Proc. 12(b)(6) ................................................................ 13, 25, 26

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

7

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.    INTRODUCTION**

The Complaint filed by plaintiffs Jerry Spolar and Tonny Williamson (collectively, "Plaintiffs") alleges claims for violation of the Defend Trade Secrets Act ("DTSA"), breach of nondisclosure agreements, and unfair competition against defendants Unrealistic Ideas, LLC ("Unrealistic"), Piece of Work Productions, LLC ("PWP"), and Archie Gips (collectively, the "Unrealistic Defendants"), along with others, but the Complaint fails to specifically allege any facts that could plausibly show that the Unrealistic Defendants took any actions to violate Plaintiffs' rights. As Plaintiffs have failed to meet their burden at the pleading stage, their complaint should be dismissed.

Plaintiffs claim to be the owners of an ambrotype photograph believed to be of Abraham Lincoln shortly after he was shot by John Wilkes Booth (the "Lincoln Ambrotype"), as well as the owners of certain information about the photograph which Plaintiffs allege constitute "trade secrets."

Plaintiffs are currently engaged in litigation in state court in Illinois with a man named Larry Davis, who filed suit based on his claim that the photograph was stolen from him before being sold to the Plaintiffs (the "Illinois Action").  The Illinois Action—which has been the subject of reporting in the Chicago Sun-Times and other media sources—deals with the provenance of the Lincoln Ambrotype.

Plaintiffs conceived of an idea to work on a television production that would detail *their* efforts to authenticate and track the provenance of the Lincoln Ambrotype.  Plaintiffs pitched the idea for a documentary to the Unrealistic Defendants at a meeting in Los Angeles in February 2018, where Unrealistic, Mr. Gips, and others signed nondisclosure agreements ("NDAs") regarding the information that Plaintiffs presented to them about the Lincoln Ambrotype and Plaintiffs' journey in investigating the photograph.  Plaintiffs' efforts were

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

8

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

unsuccessful, as multiple television networks passed on the idea for a documentary about Plaintiffs' work.

Still wanting to tell the story of the Lincoln Ambrotype, the Unrealistic Defendants turned to a different source of information—Larry Davis. Based on its own independent investigation into the history and authenticity of the Lincoln Ambrotype, Unrealistic ultimately produced a documentary titled "Undiscovered: The Lost Lincoln" (the "Documentary") which aired on the Discovery Channel.

Plaintiffs claim that, when they learned that Discovery would be airing a documentary about the Lincoln Ambrotype, they filed this suit, alleging that the defendants had: (1) misappropriated their trade secrets; (2) violated the NDAs; and (3) engaged in "unfair competition" by using Plaintiffs' supposed trade secrets. However, at the time they filed suit, Plaintiffs had not seen the Documentary itself, which features Larry Davis, and other individuals that have independent knowledge of the Lincoln Ambrotype. Thus, Plaintiffs' speculative claims were asserted without regard to the actual content of the Documentary.

With regard to their first claim, the Complaint alleges that Plaintiffs' trade secrets constitute broad, nondescript, and boundless categories of types of documents (such as "reports, analyses, and conclusions" and "volumes of handwritten notes") that fall far short of the pleading standard required of trade secrets in order to differentiate the claimed trade secrets from matters of publicly-available general knowledge or information that is readily ascertainable to someone working in the field, such as information the defendants could have learned from Larry Davis or others who had knowledge of the Lincoln Ambrotype.

Furthermore, Plaintiffs' Complaint is devoid of allegations of any specific actions taken by the Unrealistic Defendants that could plausibly establish that either Unrealistic or Mr. Gips breached the NDAs. Without alleging any such facts, Plaintiffs have failed to state claims for violation of the DTSA or breach of contract and those claims must be dismissed.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

9

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

As to Plaintiffs' third claim, for unfair competition claim pursuant to California Business and Professions Code § 17200, *et seq.*, the claimed unfair competition arises from the alleged fact that the defendants misappropriated their trade secrets in making a "competing documentary."  However, the California Uniform Trade Secrets Act serves as the sole civil remedy under California law for alleged misappropriations of trade secrets and therefore supersedes Plaintiffs' unfair competition claim, which arises out of the same facts.  Thus, Plaintiffs' unfair competition claim must also be dismissed.

Plaintiff's Complaint fails to provide the Unrealistic Defendants with sufficient notice of the boundaries of the claims being asserted against them and therefore fails to meet the pleading standard required by Rule 8(a) as defined by the Supreme Court in *Twombly* and *Iqbal*.  Because Plaintiffs have failed to plausibly state claims against the Unrealistic Defendants, the Complaint against them should be dismissed in its entirety.

## II.    PLAINTIFFS' FACTUAL ALLEGATIONS

Plaintiffs allege that, in 1996, they acquired an ambrotype photograph believed to be a photograph of Abraham Lincoln shortly after he had been shot by John Wilkes Booth (the "Lincoln Ambrotype").  (Complaint ("Compl."), ¶¶ 14-16.)  They allege that they have spent 24 years consulting with various experts to authenticate the photograph and trace its provenance at considerable expense of time and money.  (*Id.*, ¶¶ 17-18.)  This "network" of "dozens of medical, forensic, and authentication experts" (the "Expert List") is considered by Plaintiffs to be confidential.  (*Id.*, ¶ 21.)  Out of their work with these purported experts, Plaintiffs claim that they acquired "confidential work product" consisting of:

- "many detailed reports, analyses, and conclusions, scientific analytical drawings, annotated images and overlays of the Lincoln Ambrotype and features thereon, experimental procedures and results, and related expert and consultant write-ups," (*Id.*, ¶ 22);

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

- "volumes of handwritten notes, annotated figures and images, and detailed notes of their interactions with their core team of collaborators," (*Id.*, ¶ 23);

- "images of [Plaintiffs'] Lincoln Ambrotype using various duplication technologies," (*Id.*, ¶ 24);

- "notarized, authenticating provenance statements from a prior owner of the Lincoln Ambrotype," (*Id.*, ¶ 25); and

- "a duplicate copy of the Lincoln Ambrotype, using photographic techniques identical to those used in April 14, 1865, when the original ambrotype was created," (*Id.*, ¶ 26).

(collectively, the "Work Product"). Plaintiffs claim they maintained the Expert List and the Work Product as confidential trade secrets. (*Id.*, ¶ 28.)

At some point, Plaintiffs decided that they wanted to make a documentary "highlighting their journey" in authenticating and establishing the provenance of the Lincoln Ambrotype. (*Id.*, ¶ 31-32.) They were referred to defendant Whitny Braun, who Plaintiffs learned had been involved with a documentary related to the authentication of a photograph of Billy the Kid. (*Id.*, ¶ 33.) Plaintiffs allege that Ms. Braun introduced them to defendant Unrealistic Ideas, LLC, a documentary production company, and its president, defendant Archie Gips, and that they attended a meeting in Los Angeles on February 16, 2018, with Ms. Braun, her father (defendant James Braun), and Mr. Gips. (*Id.*, ¶¶ 33-34.) Plaintiffs allege that, prior to this meeting, Mr. Gips, Ms. Braun, Mr. Braun, and others signed nondisclosure agreements relating to Plaintiffs' purported confidential information, some of which was shared with the meeting participants, including the identity of "several of [Plaintiffs'] authenticating experts." (*Id.*, ¶¶ 34-35.)

Following the meeting and Plaintiffs' return home to Illinois, Plaintiffs continued to work with Unrealistic, Mr. Gips, the Brauns, and others for the possible development of a documentary about the Lincoln Ambrotype, with the idea being

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

11

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

pitched, unsuccessfully, to National Geographic and The History Channel. (*Id.*, ¶¶ 36-37, 40-41.) Plaintiffs allege that, on or about February 20, 2018, Ms. Braun asked them to verify a list containing the names of some of the experts Plaintiffs had consulted with which had been presented at the meeting in Los Angeles. (*Id.*, ¶ 38.) According to Plaintiffs, they believed that this was a misappropriation of their confidential information and admonished Ms. Braun for creating the list. (*Id.*, ¶¶ 38-39.) Some months later, following word that The History Channel was not interested in pursuing a documentary project about Plaintiffs' work and Unrealistic's cutting of its ties with Plaintiffs, Plaintiffs allege that they learned that "one or more of Defendants Discovery, Gips, J. Braun, W. Braun, Unrealistic, PWP, Boyle, Svet, and their agents and or others" had been contacting some of the experts Plaintiffs had consulted with. (*Id.*, ¶¶ 43-44.) They also claim to have learned that Ms. Braun had posted "certain articles and news clippings" online—information that Plaintiffs claim to be confidential—and may have been filming content with some of the experts Plaintiffs consulted with for a project with Discovery. (*Id.*, ¶¶ 47, 49; Ex. A.) At some point, Plaintiffs learned that Discovery would be airing a documentary titled "Undiscovered: The Lost Lincoln" about the Lincoln Ambrotype (the "Documentary") on October 4, 2020, featuring Ms. Braun. (*Id.*, ¶ 54.)

In their Complaint, Plaintiffs make no allegations that any of their Work Product was used or disclosed in the production of the Documentary, instead saying generally that the announcement of the Documentary "confirmed Defendants' breach of their NDAs and misappropriation of trade secrets." (*Id.*, ¶ 56.) Furthermore, there are no specific allegations in the Complaint that the Unrealistic Defendants improperly acquired, used, or disclosed any information Plaintiffs claim to be confidential and/or trade secrets, whether the Expert List or the Work Product, in the making of the Documentary.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

12

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

# III.   ARGUMENT

## A.   Legal Standard Under Rule 12(b)(6)

Dismissal of a complaint pursuant to Fed. Rule Civ. Proc. Rule 12(b)(6) is warranted when the complaint either lacks a cognizable legal theory or fails to allege sufficient facts supporting a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss, a claim must state more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).  The pleading standard required to survive a motion to dismiss "asks for more than a sheer possibility that a defendant has acted unlawfully," instead requiring that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A court need not accept as true allegations in a complaint which amount to nothing more than legal conclusions.  *See Iqbal*, 556 U.S. at 678.

## B.   Plaintiffs Fail To State A Claim For Violation Of The Defend Trade Secrets Act.

Plaintiffs' first claim for relief, for an alleged violation of the Defend Trade Secrets Act, claims that "Defendants have misappropriated the Confidential and Trade Secret Information in an unlawful and improper manner…."  (Compl., ¶ 65.)  To prove a claim for misappropriation of trade secrets under the DTSA, "a plaintiff must allege (1) that it is the owner of a trade secret; (2) that the defendant misappropriated the trade secret; and (3) that it was damaged by the defendant's actions."  *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F.Supp.3d 868, 880 (N.D. Cal. 2018).  A "trade secret" is defined as information that the owner has not only taken reasonable measures to keep secret, but that "derives independent economic value, actual or potential, from not being generally known to, and not being readily

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

ascertainable through proper means" by another person.  18 U.S.C. § 1839(3).  On a claim for misappropriation of trade secrets, a plaintiff bears the burden of identifying the trade secrets and showing that they exist.  *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993).  Plaintiffs must "describe [the trade secrets] with sufficient particularity to separate them from either matters of general knowledge in the trade or of special knowledge of those skilled in the trade."  *Taoglas Grp. Holdings, Ltd. v. 2J Antennas USA, Corp.*, Case No.: 18CV1277-LAB (LL), 2019 U.S. Dist. LEXIS 44093, at *3-4 (S.D. Cal. Mar. 18, 2019).

Plaintiffs' trade secret claim against the Unrealistic Defendants should be dismissed for two reasons: first, it fails to adequately plead that Plaintiffs are the owners of trade secrets, and second, it fails to allege any facts plausibly showing that the Unrealistic Defendants misappropriated any purported trade secrets.

### 1.   Plaintiffs Have Not Pleaded Sufficient Facts To Show That They Are The Owners Of Trade Secrets.

Plaintiffs' Complaint, which was filed before Plaintiffs viewed the Documentary, is deliberately vague and fails to identify or describe, in any level of particularity, the alleged "trade secrets" that were supposedly misappropriated.

Plaintiffs' alleged trade secrets can seemingly be categorized into two groups: first, the "detailed reports, analyses, and conclusions, scientific analytical drawings, annotated images and overlays of the Lincoln Ambrotype and features thereon, experimental procedures and results, and related expert and consultant write-ups[,]…handwritten notes, annotated figures and images, and detailed notes," along with duplicated images of the Lincoln Ambrotype and "notarized, authenticating provenance statements," (Compl., ¶¶ 22-26), which collectively are referred to herein as the "Work Product"; and second, Plaintiffs' list identifying the individuals in their "network of forensic, authentication, technology, historical, and medical experts," (*Id.*, ¶ 21), referred to herein as the "Expert List."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

14

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

a.    **Plaintiffs Fail To State A Claim As To Their "Work Product."**

Plaintiffs' description of the Work Product is far too broad and general to meet the pleading standard for alleged trade secrets.  A plaintiff's description of trade secrets must "'permit the defendant to ascertain at least the boundaries within which the secret lies.'"  *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F.Supp.3d 868, 881 (N.D. Cal. 2018) (quoting *Vendavo, Inc. v. Prixe f(x) AG*, No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *4 (N.D. Cal. Mar. 23, 2018)).  Plaintiffs have described their "Confidential Information" using the most non-descript terms possible: reports, analyses, scientific drawings, experimental procedures and results, expert write-ups, and so on.  (*See* Compl., ¶¶ 22-23.)  These basic terms/phrases completely fail to define the boundaries of the supposed trade secrets that Plaintiffs claim were misappropriated in the Documentary.  *See Vendavo, Inc. v. Price f(x) AG*, Case No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *6, 9 (N.D. Cal. Mar. 23, 2018) (dismissing a misappropriation of trade secret claim after finding that the plaintiff's pleading of its trade secrets, including information such as its "source code, customer lists and customer related information, pricing information" and other categories, was insufficient because plaintiff "set out its purported trade secrets in broad, categorical terms, more descriptive of the types of information that generally *may* qualify as protectable trade secrets than as any kind of listing of particular trade secrets….).

Based on Plaintiffs' failure to adequately plead the specific nature of the "trade secrets" used, the Unrealistic Defendants have no way of assessing how or if the Work Product information qualifies or is even being alleged as trade secret and cannot therefore mount an effective defense.  *See Space Data Corp. v. X*, Case No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, at *4 (N.D. Cal. Feb. 16, 2017) (holding that descriptions of purported trade secrets such as "data on the environment in the stratosphere" and "data on the propagation of radio signals from

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

15

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

stratospheric balloon-based transceivers" did not satisfy Rule 8's pleading requirement because they failed to "give the Court or Defendants notice of the boundaries of [the] case.")  Without knowing specifically what the Work Product information refers to, the Unrealistic Defendants are impeded from not only contesting the trade secret status of any such information, but also from determining whether the Unrealistic Defendants disclosed, used, or otherwise misappropriated any of the purported trade secrets.

### b.    Plaintiffs Fail To State A Claim As To Their "Expert List."

Plaintiffs also appear to claim that their Expert List is confidential and protected as a trade secret.  (*See* Compl., ¶ 21.)  However, Plaintiffs have not met their burden of showing that the Expert List meets the definition of a trade secret by "deriv[ing] independent economic value…from not being generally known," 18 U.S.C. § 1839(3).  Moreover, Plaintiffs have failed to allege that the experts on their list are "secret" and are not generally known to the public.  For instance, the pool of experts in 19th century photographic techniques may be quite small and generally known to individuals skilled in the trade of authenticating old photographs, such as defendant Whitny Braun.  (*See* Compl., ¶ 33 ("W. Braun had some exposure to a documentary related to the authentication of a photograph of Billy the Kid."))  In fact, according to a declaration filed by plaintiff Jerry Spolar ***in this case***, Mr. Spolar states that "[Plaintiffs] later learned that W. Braun on February 14, 2018, before we even met with her and the others in Los Angeles, had contacted at least one of our core experts…."  (*See* Declaration of Jerry A. Spolar in Support of Plaintiffs' Motion for a Temporary Restraining Order, Dkt. No.: 8-3, ¶ 35.)  If Ms. Braun was able to contact "at least one" of Plaintiffs' experts ***before*** the identities of those experts were allegedly disclosed to her and the Unrealistic Defendants pursuant to NDAs at the February 16, 2018 meeting, (*see* Compl., ¶ 34), there is nothing "secret" about the identities of those experts, making the information

ineligible for trade secret protection.  *See Taoglas Grp. Holdings, Ltd. v. 2J Antennas USA, Corp.*, Case No.: 18CV1277-LAB (LL), 2019 U.S. Dist. LEXIS 44093, at \*3-4 (S.D. Cal. Mar. 18, 2019).

The Complaint also gives no indication as to the identities of the allegedly-confidential experts that Plaintiffs claim some defendants may have been contacting—and it should be dismissed for that reason.  Additionally, Plaintiffs' Exhibit A to the complaint provides some color to the speciousness of these amorphous trade secret claims.  That document is an August 2, 2019 cease and desist letter from Plaintiffs to Ms. Braun and Unrealistic stating: "it appears that you have been in contact with Larry Davis and/or his attorney and that you disclosed Confidential Information as part of preparing an affidavit for use in a lawsuit he filed," and later demanding that they "cease and desist from any further disclosure of the Confidential Information, including to people identified on the list of contacts [Plaintiffs] provided to you."  (Compl., Ex. A).  Apart from the fact that the cease and desist letter makes no attempt to identify what purported "Confidential Information" was disclosed, the letter implies that Larry Davis is one of the "people identified on the list of contacts" who Plaintiffs claim to be a trade secret; but Larry Davis, seven months prior to the date of the cease and desist letter, filed the Illinois Action against Plaintiffs.  By that time, the Illinois Action had already been publicly reported on, including in the Chicago Sun-Times, which reported not only on the lawsuit itself, but on the history of the Lincoln Ambrotype and its provenance.  (*See* Request for Judicial Notice, Exs. A, B).  Plaintiffs have not plausibly claimed that they own trade secrets – and it is unlikely they will ever be able to do so as the information they are seeking to protect is already known to third parties and/or is in the public domain.

The cease and desist letter at Exhibit A provides other clues that the claimed "Confidential Information" is being stretched past the breaking point.  The letter states:

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

17

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

> [Plaintiffs have] learned that you have posted certain articles and news clippings under the user name WhitnyBraun69 on a public website, www.newspapers.com. These articles reflect [Plaintiffs'] research, work product, and intellectual property, which they shared with you under the NDA. By disclosing this Confidential Information to the public, you have violated the agreement.

(Compl., Ex. A). This would seem to imply that Plaintiffs are claiming publicly-available news articles as their "Confidential Information." But "'[p]ublicly available information, by definition, cannot be protected as a trade secret.'" *Calendar Research LLC v. StubHub, Inc.*, 2:17-cv-04062-SVW-SS, 2018 U.S. Dist. LEXIS 221053, at *17 (C.D. Cal. Aug. 7, 2018) (quoting *SocialApps, LLC v. Zynga, Inc.*, Case No.: 4:11-CV-04910 YGR, 2012 U.S. Dist. LEXIS 14124, at *6 (N.D. Cal. Feb. 6, 2012). Furthermore, it should be noted that, in the cease and desist letter, Plaintiffs make no other claims of any misappropriations of purported confidential information or trade secrets, nor do they identify any other alleged breaches of the NDAs, nor any alleged improper use of any of Plaintiffs' claimed Work Product. (*See* Compl., Ex. A).

Plaintiffs' claimed trade secrets are broad, generic, lacking in specificity, and boundless. (*See* Compl., ¶ 28 ("This work product, and the information that Plaintiffs accumulated over the 24-year period, including **without limitation**, the information identified in the preceding paragraphs, was maintained as confidential trade secrets….") (emphasis added)); *see also CleanFish, LLC v. Sims*, Case No. 19-cv-03663-HSG, 2020 U.S. Dist. LEXIS 147034 (N.D. Cal. Aug. 14, 2020) (dismissing a trade secret claim for lack of specificity and pointing to the plaintiff's use of "including but not limited to" language in defining its purported trade secrets); *Navigation Holdings, LLC v. Molavi*, 445 F.Supp.3d 69, 76 (N.D. Cal. 2020) ("to state a claim for trade secret misappropriation, a plaintiff must still describe the [alleged trade secret] in more than broad and conclusory terms"). Because Plaintiffs have failed to allege sufficient facts showing that their claimed trade secrets actually qualify as trade secrets as defined by the DTSA, 18 U.S.C.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

18

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

§ 1839(3), and because their broad descriptions of the alleged trade secrets have not "identif[ied] the trade secret[s] with sufficient particularity to give defendants 'reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery,'" (*Calendar Research LLC v. StubHub, Inc.*, 2:17-cv-04062-SVW-SS, 2017 U.S. Dist. LEXIS 222745, at *7 (C.D. Cal. Aug. 16, 2017) (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252-53 (1968)), Plaintiffs' claim for misappropriation of trade secrets should be dismissed.

### 2. Plaintiffs Have Not Alleged Sufficient Facts To Show That The Unrealistic Defendants Misappropriated Trade Secrets.

There are three types of misappropriation under the DTSA: acquisition, disclosure, and use. *See Calendar Research LLC v. StubHub, Inc.*, 2:17-cv-04062-SVW-SS, 2018 U.S. Dist. LEXIS 221053, at *10 (C.D. Cal. Aug. 7, 2018). Misappropriation by acquisition does not apply here as Plaintiffs contend that they voluntarily disclosed their purported trade secrets to the Unrealistic Defendants. (*See* Compl., ¶ 34.)  With regard to "disclosure" and "use," Plaintiffs' Complaint fails to plausibly allege any specific facts showing that the Unrealistic Defendants improperly disclosed or used any of Plaintiffs' purported trade secrets.  There are only two allegations that even touch on possible actions taken by the Unrealistic Defendants following the initial Los Angeles meeting: first, Plaintiffs claim that they "began to receive word from their extensive network of experts, historians, and collaborators that one or more of Defendants Discovery, Gips, J. Braun, W. Braun, Unrealistic, PWP, Boyle, Svet, and their agents or others were contacting other of Plaintiffs' many experts and collaborators," (*id.*, ¶ 44); and second, Plaintiffs claim that "Defendants have misappropriated the Confidential and Trade Secret Information in an unlawful and improper manner as detailed more fully herein," (*id.*, ¶ 65).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

19

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

Analyzing the latter statement in paragraph 65 first, Plaintiffs' allegation is conclusory, merely states an element of the cause of action, and does not meet the required pleading standard to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding that a court need not accept as true allegations amounting to "threadbare recitals of a cause of action's elements, supported by mere conclusory statements.")

As to the allegation contained in paragraph 44 of the Complaint, Plaintiffs are improperly conflating the actions of "one or more of Defendants"—without specifying which defendants supposedly engaged in unlawful conduct. Such allegations are not sufficient to meet Plaintiffs' pleading burden. In *Physician's Surrogacy, Inc. v. German*, Case No.: 17cv718-MMA (WVG), 2018 U.S. Dist. LEXIS 16261, at *27-28 (S.D. Cal. Jan. 31, 2018), the court granted a motion to dismiss in a case alleging a violation of the DTSA where the plaintiff alleged that "Defendants, and each of them, are willfully and improperly using [the alleged trade secrets] and intend to disclose and use [the alleged trade secrets]." The court found this allegation to be a "'legal conclusion couched as a factual allegation' that does not meet Plaintiff's burden of pleading." *Id.* The court further stated that "[t]o state a claim under the DTSA, Plaintiff must more specifically connect allegations of misappropriation to specific Defendants' actions." *Id.* Here, there is no connection—indeed, no specific allegation—between the Unrealistic Defendants and any specific acts of purported misappropriation.

Furthermore, Plaintiffs have alleged ownership of two sets of "trade secrets" – the Expert List and their Work Product. However, while Plaintiffs' insufficient allegation in paragraph 44 of the Complaint arguably insinuates that there was a misappropriation of the Expert List, the Complaint is completely devoid of any allegations that Plaintiffs' Work Product was misappropriated in any way. Plaintiffs do not allege that any of the defendants misappropriated any of their "reports, analyses, and conclusions" or any other similar type of information. (*See* Compl.,

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

¶¶ 22-23.)  Plaintiffs also do not allege that any of the defendants misappropriated any of their images or duplications of the Lincoln Ambrotype, or the alleged "notarized, authenticating provenance statements" that Plaintiffs claim to be confidential and trade secrets.  (*See id.*, ¶¶ 24-26.)  Further, Plaintiffs have also failed to plead sufficient facts to separate out their purported trade secrets from information that is generally known or that may have been independently derived by any of the defendants, including the Unrealistic Defendants.  *See Taoglas Grp. Holdings Ltd. v. 2J Antennas USA, Corp.*, Case No.: 18CV1277-LAB (LL), 2019 U.S. Dist. LEXIS 44093, at \*9 (S.D. Cal. Mar. 18, 2019) ("Information obtained independently or by reverse engineering is ordinarily not a trade secret.")  Accordingly, Plaintiffs have failed to plead a plausible claim that the Unrealistic Defendants misappropriated ***any*** of Plaintiffs' purported trade secrets and Plaintiffs' claim for alleged violation of the DTSA must be dismissed.

### C.   Plaintiffs Fail To State A Claim For Breach Of Contract Because They Have Not Alleged Any Facts Showing That The Unrealistic Defendants Breached The Nondisclosure Agreements.

To adequately plead a claim for breach of contract, Plaintiffs must allege: (1) the existence of a valid contract; (2) Plaintiffs' performance of the contract or an excuse for nonperformance; (3) that defendants breached the contract; and (4) that Plaintiffs were damaged by defendants' alleged breach.  *Lortz v. Connell*, 273 Cal.App.2d 286, 290 (1969).  Plaintiffs' second claim, for breach of contract, brought against Unrealistic and Mr. Gips, should be dismissed because Plaintiffs' Complaint does not contain any factual, non-conclusory allegations supporting one of these essential elements—that Unrealistic and Mr. Gips breached the non-disclosure agreements ("NDAs") presented to them by Plaintiffs.

The dismissal of Plaintiffs' breach of contract claim is warranted because it fails to meet the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*: it is a formulaic recitation of the elements of a breach of contract claim that is

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

21

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

unsupported by any further factual enhancement specifying exactly how Undefined and Mr. Gips *breached* the NDAs.  To begin with, Plaintiffs' statement of their claim for breach of contract, contained at ¶¶ 71-78 of their Complaint, alleges that Unrealistic and Mr. Gips entered into nondisclosure agreements with Plaintiffs and that the NDAs prohibited certain actions, but when it comes to describing how Unrealistic and Mr. Gips breached the terms of the NDAs, Plaintiffs merely state: "The noted Defendants breached the Agreements when (s)he/it committed the acts set forth herein."  (Compl., ¶ 77.)  No further indication is given as to which of the "acts set forth" in Plaintiffs' 18-page Complaint constitutes a breach of the NDA, let alone which of the "noted Defendants" allegedly committed such acts.  This "formulaic recitation" of the breach element of Plaintiffs' breach of contract claim does not adequately meet the pleading standard established by the Supreme Court. *See Twombly*, 550 U.S. at 555.

Upon closer examination of the "acts set forth" in Plaintiffs' Complaint in search of any allegation that Unrealistic and/or Mr. Gips breached the NDAs, it becomes clear that the Complaint is devoid of any non-conclusory facts supporting Plaintiffs' claim.  Plaintiffs' chronological narrative of their alleged dealings with the defendants in this case tells the story of Plaintiffs meeting with the Unrealistic Defendants on February 16, 2018 (at which point NDAs were signed), (*see* Compl., ¶¶ 33-36), and subsequent, unsuccessful efforts to develop a documentary about their work to authenticate the Lincoln Ambrotype, (*see id.*, ¶¶ 37, 40-43).  But following the abandonment of those efforts, Plaintiffs' Complaint fails to allege any specific acts by Unrealistic or Mr. Gips amounting to a breach of the NDA.  In fact, the **only** action—breach or not—that Plaintiffs claim Unrealistic and/or Mr. Gips possibly took is contained in Plaintiffs' allegation that they "began to receive word from their extensive network of experts, historians, and collaborators that one or more of Defendants Discovery, Gips, J. Braun, W. Braun, Unrealistic, PWP, Boyle, Svet, and their agents or others were contacting other of Plaintiffs' many experts and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

22

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

collaborators." (*Id.*, ¶ 44.)  Even accepting this allegation as true, Plaintiffs' breach of contract claim should be dismissed because the allegation in paragraph 44 fails to specify which of the many defendants listed contacted Plaintiffs' experts and also how such an action constitutes a breach of the NDA.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (noting that Fed. Rule Civ. Proc. Rule 8(a) requires that a complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.")

In *Space Data Corp. v. X*, Case No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, at *5-6 (N.D. Cal. Feb. 16, 2017), plaintiff Space Data alleged that defendant Google had improperly utilized its confidential and trade secret information in Google's development of high-altitude wireless transmitting balloons, bringing claims for misappropriation of trade secrets under the DTSA and the California Uniform Trade Secrets Act, as well as breach of contract for Google's alleged violation of a non-disclosure agreement.  Noting that Space Data alleged only that "'Defendants have engaged in other business activity based on Space data's confidential trade secret information, which conflict with their legal obligations to Space Data,'" the court dismissed Space Data's breach of contract claim, finding that Space Data "ha[d] not sufficiently alleged how Google's use of Space Data's purported trade secrets violated the NDA."  *Id.*

Here, Plaintiffs' breach of contract claim fails for two reasons.  First, by broadly alleging that "one or more of Defendants Discovery, Gips, J. Braun, W. Braun, Unrealistic, PWP, Boyle, Svet, and their agents or others" contacted Plaintiffs' experts and collaborators, (Compl., ¶ 44) – Plaintiffs are clearly guessing as to any purported actions taken by any of the defendants.  This does not meet the required pleading standard.  *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level….")  Second, Plaintiffs fail to plead *how* any of the purported actions of Unrealistic and/or Mr.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

Gips, even if accepted as true, violated the terms of the NDAs; Plaintiffs merely state that "[t]he noted Defendants breached the Agreements when (s)he/it committed the acts set forth herein," (Compl., ¶ 77).  Such "conclusory assertions…are not supported by adequate factual allegations" and must be dismissed.  *See Space Data Corp.*, 2017 U.S. Dist. LEXIS 22571 at *5-6.

> **D.    Plaintiffs' Unfair Competition Claim Should Be Dismissed Because It Is Superseded By The California Uniform Trade Secrets Act.**

Plaintiffs' third claim for relief (mislabeled as Plaintiffs' "fifth claim for relief," (*see* Compl., p. 15)) for unfair competition in violation of California Business and Professions Code § 17200, *et seq*., fails to state a claim for which relief can be granted, as a matter of law, because it is a California state law claim that is superseded by the California Uniform Trade Secrets Act ("CUTSA") codified at California Civil Code § 3426, *et seq.*

Much like the DTSA, CUTSA is derived from the Uniform Trade Secrets Act which has been adopted by nearly all fifty states.  In passing CUTSA, the California legislature made clear that the law "shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this title among states enacting it."  Cal. Civ. Code § 3426.8.  Courts have recognized that the passage of CUTSA "manifest[s] a legislative intent to occupy the field of trade secret liability to the exclusion of other civil remedies."  *Silvaco Data Systems v. Intel Corp.*, 184 Cal.App.4th 210, 234 (2010), *disapproved of on other grounds by Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011).  Accordingly, both federal and California courts have held that CUTSA supersedes California state law claims—including statutory unfair competition claims under California Business and Professions Code § 17200, *et seq*.—when they arise out of the same nucleus of facts as a claim for misappropriation of trade secrets.  *See, e.g., Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005) (holding that plaintiff's statutory and common law unfair competition claims were preempted by

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

24

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

CUTSA because they were "based on the identical facts" as its trade secret claim); *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 961-62 (2009) (upholding a ruling dismissing a § 17200 unfair competition claim as superseded by CUTSA because the plaintiff's allegations of unfair competition "rest[ed] squarely on its factual allegations of trade secret misappropriation.")

A claim under CUTSA need not be alleged for the statute to have a preemptive effect on state law claims that arise out of the same nucleus of facts as trade secret misappropriation. *See, e.g., Snapkeys, Ltd. v. Google LLC*, 442 F.Supp.3d 1196 (N.D. Cal. 2020) (dismissing on a Rule 12(b)(6) motion plaintiff's California state law claims as preempted by CUTSA, despite the fact that plaintiff had not asserted a trade secret misappropriation claim). Furthermore, CUTSA "supersedes claims based on the misappropriation of *confidential* information, whether or not that information meets the statutory definition of a trade secret." *Mattel, Inc. v. MGA Ent., Inc.*, 782 F.Supp.2d 911, 987 (C.D. Cal. 2010) (emphasis added).

Here, Plaintiffs make no effort to disguise the fact that their unfair competition claim against the Unrealistic Defendants is entirely based on their theory of trade secret misappropriation and arises out of the same facts. Plaintiffs' statement of their unfair competition claim evidences this fact:

- "*By retaining and using Plaintiffs' Confidential and Trade Secret Information as set forth herein*, Defendants have unfairly competed with Plaintiffs." (Compl., ¶ 80 (emphasis added));

- "*Defendants have compromised the confidentiality of the Confidential and Trade Secret Information*, have undermined (or attempted to undermine) Plaintiffs' competitive advantage, and caused, and are continuing to cause, Plaintiff to sustain harm and damage." (*Id.*, ¶ 81 (emphasis added));

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

25

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

- "Among other things, Defendants' conduct, as alleged herein, has deprived Plaintiffs of the opportunity to maximize the value of their Confidential and Trade Secret Information *by launching a competing documentary using the Confidential and Trade Secret Information*." (*Id.*, ¶ 82 (emphasis added)).

In essence, Plaintiffs claim that the Defendants misappropriated their purported Confidential and Trade Secret Information and used it to unfairly compete with Plaintiffs' planned documentary about their work.  "At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action."  *Waymo, LLC v. Uber Techs., Inc.*, 256 F.Supp.3d 1059, 1062 (N.D. Cal. 2017) (dismissing a § 17200 unfair competition claim on a Rule 12(b)(6) motion after finding that plaintiff's pleading that "Defendants engaged in unlawful, unfair, and fraudulent business acts….[including] *misappropriating Waymo's confidential and proprietary information*" and similar allegations were based on trade secret misappropriation and superseded by CUTSA) (emphasis in opinion).

Plaintiffs here have pleaded allegations similar to those found lacking in *Waymo* and have not asserted any other factual allegations, not based in trade secret misappropriation, that otherwise support an independent claim for unfair competition.  Accordingly, Plaintiffs' state law claim for unfair competition should be dismissed as superseded by CUTSA.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' claims alleged against the Unrealistic Defendants should be dismissed in their entirety.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

26

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)

1    Dated:  December 2, 2020              LOEB & LOEB LLP

2

3                                          By: */s/ David Grossman*
                                               David Grossman
4                                              Kyle Petersen
                                               Attorneys for Defendants
5                                              Unrealistic Ideas, LLC; Piece of Work
                                               Productions, LLC; and Archie Gips

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19680029.4
236428-10001

27

MOTION TO DISMISS PURSUANT
TO FED. R. CIV. PROC. 12(b)(6)