Michael K. Hagemann (State Bar No. 264570)
M.K. HAGEMANN, P.C.
1801 Century Park East, Suite 2400
Century City, CA 90067
Tel: (310) 773-4900
Fax: (310) 773-4901
mhagemann@mkhlaw.com

Attorneys for Defendants
UNREALISTIC IDEAS, LLC, PIECE OF WORK PRODUCTIONS, LLC,
ARCHIE GIPS, WHITNY BRAUN, AND JAMES BRAUN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY A. SPOLAR, an individual; and TONNY JILL WILLIAMSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>UNREALISTIC IDEAS, LLC, a Delaware limited liability company; PIECE OF WORK PRODUCTIONS, LLC, a California limited liability company; ARCHIE GIPS, an individual; WHITNY BRAUN, an individual; JAMES BRAUN, an individual; and DOES 1 through 25,<br><br>Defendants. | Case No. 2-20-cv-08837 SVW (MAAx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF JERRY A. SPOLAR AND TONNY JILL WILIAMSON'S MOTION FOR ATTORNEY'S FEES**<br><br>Courtroom:  10 A<br>Judge:      Hon. Stephen V. Wilson<br>Date:       October 18, 2021<br>Time:       1:30 p.m.<br><br>Complaint Filed: September 25, 2020<br><br>Pretrial Conference: None<br><br>Jury Trial: None |

Defendants Unrealistic Ideas, LLC, Piece of Work Productions, LLC, Archie Gips, Whitny Braun, and James Braun (hereinafter "Defendants"), hereby submit their opposition to Plaintiffs Jerry A. Spolar and Tonny Jill Williamson (hereinafter "Plaintiffs'") motion for attorney's fees, as follows:

# **TABLE OF CONTENTS**

**MEMORANDUM OF POINTS AND AUTHORITIES** .....................................7

**I.   INTRODUCTION** .................................................................................7

**II.   STATEMENT OF FACTS** ....................................................................8

   **A.   Chronology of Plaintiffs' Counsel** ..................................................8

   **B.   Rough Approximation of Time Spent Per Task** .............................9

**III.   ARGUMENT** ....................................................................................10

   **A.   This Motion Should Be Denied on Several Procedural Grounds** ..........10

     1.   This Motion is Untimely for Several Reasons ..........................10

     2.   There Was No Meet-And-Confer as Required by Local Rule 7-3 ..........13

   **B.   There Is No Basis for Any Attorney's Fees** ................................14

     1.   The Accepted Rule 68 Offer Did Not Expand Attorney's Fees; It Just Did Not Preclude Them ..........................................................15

     2.   The Accepted Rule 68 Offer Is Not "On the Contract" .........................16

     3.   Plaintiffs Did Not Practically Prevail ....................................17

   **C.   Plaintiffs Are Not Entitled to Attorney's Fees Incurred as to Discovery Communications** ..............................................................19

   **D.   The Amount of Attorney's Fees Sought Are Grossly Unreasonable** .....19

     1.   The $4,600.00 Fee from Local Rule 55-3 Is What Is Reasonable Here; Assuming Plaintiffs Are Entitled to Attorney's Fees at All ..............20

     2.   This Matter Was Overstaffed and Overbilled ..........................20

     3.   Plaintiffs' Counsel Engaged in Block Billing Which Makes Analysis Far More Difficult ..................................................................21

4.     Mr. Casey Does Not Have Personal Knowledge of What Others Have Done 22

5.     The Fees Should be Reduced Because of a Poor Outcome and Serious Errors Made ...................................................................................22

**IV.     CONCLUSION** ..........................................................................22

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

## TABLE OF AUTHORITIES

**Cases**

*Abbott v. Village of Winthrop Harbor*, No. 93 C 4642, 1999 U.S. Dist. LEXIS 13346 (N.D. Ill. Aug 24, 1999)....................................................................21

*Alicea v. All Our Children's Advoc. Ctr.*, No. 15-cv-07795, 2017 WL 6513164, (N.D. Ill. Sept. 6, 2017)........................................................................17

*Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542 (7th Cir. 2009)........19

*Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216 (9th Cir. 2016).....16

*Berkla v. Corel Corp.*, 290 F.3d 983 (9th Cir. 2002) ..............................................18

*Brown & Kerr v. American Stores Properties*, 306 Ill. App.3d 1023, 715 N.E.2d 804 (Ill. App. 1999)..............................................................................19

*Calcagno v. Personal care Health Management, Inc.*, 207 Ill. App. 3d 493, 565 N.E.2d 1330 (Ill. App. 1991) ...........................................................15

*City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ............................................19

*Estate of Downs v. Webster*, 307 Ill. App. 3d 65, 716 N.E.2d 1256 (Ill. App. 1999) ..............................................................................................................15

*Gardner v. Catering by Henry Smith, Inc.*, 205 F.Supp.2d 49 (E.D. N.Y. 2002) ...11

*Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553 (Cal. 2004).............................14

*Helland v. Helland*, 214 Ill. App. 3d 275, 573 N.E.2d 357 (Ill. App. 1991)...........15

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ..................................................... 21, 22

*In re Schimmels*, 85 F.3d 416 (9th Cir. 1996).........................................................12

*Kinney v. Federal Security, Inc.*, No. 01 C 0838, 2002 U.S. Dist. LEXIS 16914 (N.D. Ill. Sept. 9, 2002)..........................................................................21

*Lasswell v. City of Johnston City*, 436 F. Supp. 2d 974 (S.D. Ill. 2006)................17

*Laxague v. Fireman's Fund Ins. Co.*, 220 Cal. App. 3d 530 (Cal. App. 1990) ......17

*Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438 (9th Cir. 1982) ...........................11

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

*Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. The Okonite Co.*, 358 F.3d 278 (3d Cir. 2004) .................................................................................12

*Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991) ...................................................11

*Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger*, 311 Ill.App.3d 853, 726 N.E.2d 687 (Ill. App. 2000) ..............................................................18

*Miller v. City of Portland*, 868 F.3d 846 (9th Cir. 2017) .........................................17

*Montanez v. Simon*, 755 F.3d 547 (7th Cir. 2014)............................................ 19, 22

*Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 739 N.E.2d 1263 (Ill. 2000)....................................................................................14

*Nasser v. Superior Court*, 156 Cal. App. 3d 55 (Cal. App. 1984) .........................18

*Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997)....................... 11, 15

*Raffel v. Medallion Kitchens of Minnesota, Inc.*, 139 F.3d 1142 (7th Cir.1998) ....19

*Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1*, 824 F.3d 1161 (9th Cir. 2016)........18

*Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435 (9th Cir. 1989) .......11

*Thweatt v. Koglmeier, Dobbins & Smith*, 2006 U.S. Dist. LEXIS 57657 (D. Ariz. Aug. 15, 2006)...............................................................................11

*Water Techs. Corp. v. Calco Ltd.*, 709 F. Supp. 821 (N.D. Ill. 1989)....................19

*Young v. Verizon's Bell Atl. Cash Balance Plan*, 783 F. Supp. 2d 1031 (N.D. Ill. 2011)...........................................................................................21

*Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007).................................................13

**Statutes**

42 U.S.C. § 1983 ....................................................................................................17

42 U.S.C. § 1988 ....................................................................................................17

Cal. Code Civ. Proc. § 1021 ..................................................................................14

**Other Authorities**

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Jan H. Fisher, Federal Rule 68, A Defendant's Subtle Weapon: Its Use and Pitfalls, 14 DEPAUL BUS. L.J. 89 (2001) ...................................................................16

**Rules**

Fed. R. Civ. P. 54 ................................................................................ 10, 13

Fed. R. Civ. P. 58 ........................................................................ 10, 11, 12

Fed. R. Civ. P. 60 ....................................................................................13

Fed. R. Civ. P. 68 ............................................................................. passim

Fed. R. Civ. P. 79 ....................................................................................10

Fed. R. Evid. 602 ....................................................................................22

Fed. R. Evid. 802 ....................................................................................22

Fed. R. Evid. 901 ....................................................................................22

L.R. 16-12 ........................................................................................ 13, 14

L.R. 55-1 ................................................................................................20

L.R. 55-3 ........................................................................................... 7, 20

L.R. 7-3 ..................................................................................... 7, 10, 13, 14

L.R. 7-4 ..................................................................................................13

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

There are several procedural problems with Plaintiffs' motion that warrant denial of the entire motion, most notably: (i) it's untimely by any measure and (ii) Plaintiffs failed to meet-and-confer as required by Local Rule 7-3.

However, what should shock the Court is the grossly unreasonable amount of attorney's fees requested ($188,137.00), caused by the combination of overbilling, overstaffing, and block-billing this low-value case, contrasted with:

(i)    the very early stage in which this litigation settled: Rule 68 Offer accepted just after Plaintiffs' cursory Initial Disclosures containing no damage evidence or estimates;

(ii)   the very poor results obtained: denied temporary restraining order ("T.R.O.") and then dismissal of Discovery Communications, LLC, and only $75,000.00 from the remaining Defendants <u>combined</u> (clearly a "cost-of-defense" settlement); and

(iii)  Plaintiffs' counsel made a plethora of errors, such as: (a) failing to identify trade secrets in their T.R.O. application; and (b) risking[1] denial of their costs and attorney's fees on procedural grounds.

Given this litigation was in its infancy, if the Court awards fees at all, the Court should defer to the attorney's fees prescribed in Local Rule 55-3:

| Amount of Judgment | Attorneys' Fees Awards |
|---|---|
| $50,000.01 - $100,000 | $3600 plus 4% of the amount over $50,000 |

That table yields **$4,600.00** as presumptively reasonable.  The only steps

---

[1] Defendants contend Plaintiffs' counsel did more than just "risk" denial on procedural grounds – Defendants contend denial is required and thus the Court need not analyze the reasonableness of the fees.  This argument regarding unreasonableness is made in the alternative in the event the Court disagrees with Defendants' analysis, below.

Plaintiffs took above-and-beyond what they would have done if Defendants had simply defaulted were very cursory Initial Disclosures.  But Plaintiffs' also saved time, too, versus a default: they did not have to prepare a default-judgment application.  The time spent on the cursory Initial Disclosures appears to be roughly equivalent, if not less, than the time it would take to prepare a proper default-judgment application.  (The T.R.O. application [Dkt. 8] was filed solely against a dismissed defendant, Discovery Communications, LLC, and prior to any deadline to respond, thus it would have been filed even if Defendants defaulted).

Finally, Plaintiffs are not entitled to attorney's fees because they did not practically prevail: they failed to obtain a T.R.O., voluntarily dismissed Discovery Communications, LLC, and only obtained $75,000.00 from the remaining defendants combined – a fraction of their claimed attorney's fees.  And in the alternative, Plaintiffs are certainly not entitled to reimbursement of their attorney's fees for their losing endeavors against Discovery Communications, LLC.

## II.   STATEMENT OF FACTS

### A.   Chronology of Plaintiffs' Counsel

The following table reflects the billing statements submitted in support of this motion [Dkt. 77-3.]:

| Bill Date | Inv. No. | Billing Entry Dates | Attorney's Fees | Running Total |
|---|---|---|---|---|
| 8/31/2020 | 1034748 | 8/28/2020 to 8/31/2020 | $4,020.00 | $4,020.00 |
| 9/30/2020 | 1040023 | 9/14/2020 to 9/30/2020 | $52,586.00 | $56,606.00 |
| 9/30/2020 | 1040023-1 | 9/25/2020 | $1,500.00 | $58,106.00 |
| 10/31/2020 | 1045515 | 10/1/2020 to 10/19/2020 | $11,935.00 | $70,041.00 |
| 10/31/2020 | 1045515-1 | 10/2/2020 to 10/28/2020 | $6,739.00 | $76,780.00 |
| 11/30/2020 | 1049429 | 10/1/2020 to 11/30/2020 | $14,223.00 | $91,003.00 |

-8-

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

| | | | | |
|---|---|---|---|---|
| 11/30/2020 | 1049429-1 | 11/2/2020 to 11/3/2020 | $4,296.50 | $95,299.50 |
| 12/31/2020 | 1054366 | 12/1/2020 to 12/16/2020 | $23,169.00 | $118,468.50 |
| 12/31/2020 | 1054366-1 | 12/16/2020 to 12/18/2020 | $3,290.50 | $121,759.00 |
| 1/31/2021 | 1059166 | 9/22/2020 to 1/28/2021 | $8,062.00 | $129,821.00 |
| 2/28/2021 | 1064128 | 2/9/2021 to 2/23/2021 | $3,664.50 | $133,485.50 |
| 3/31/2021 | 1068545 | 3/29/2021 to 3/31/2021 | $904.00 | $134,389.50 |
| 4/30/2021 | 1073805 | 9/20/2020 to 4/27/2021 | $9,990.00 | $144,379.50 |
| 5/31/2021 | 1077147 | 5/03/2021 to 5/26/2021 | $16,134.00 | $160,513.50 |
| 6/30/2021 | 1084057 | 6/30/2021 to 6/30/2021 | $23,455.00 | $183,968.50 |
| 7/31/2021 | 1089660 | 7/1/2021 to 7/22/2021 | $5,272.00 | $189,240.50 |

### B.  <u>Rough Approximation of Time Spent Per Task</u>

It is difficult to determine the precise activities of Plaintiffs' counsel due to block-billing and vague billing description.  [Dkt. 77-3.]  However, based on chronology, above, it appears it is approximately the following:

- Original Complaint [Dkt. 1] / Application for T.R.O. [Dkt. 8] - **$58,106.00** (Inv Nos. 1034748, 1040023, 1040023-1)

- Revise Complaint [Dkt. 48] - **$71,715.00** (Inv. Nos. 1045515, 1045515-1, 1049429, 1049429-1, 1054366, 1054366-1, 1059166)

- Pre Rule-68 discussions with Defendants' counsel - **$14,558.50** (Inv. Nos. 1064128, 1068545, 1073805)

- Initial Disclosures (Ex. E) - **$2,984.90** (Subset of Inv. No. 1077147)

- Prepare Unserved Discovery - **$3,312.00** (Subset of Inv. No. 1077147)

- Review Rule 68 offer - **$9,837.10** (Balance of Inv. No. 1077147)

- Post-Rule 68 acceptance - **$23,455.00** (Inv. No. 1084057, 1089660)

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

### C.    Inapt References in Billing Entries

There are multiple entries that appear to have nothing to do with this case, like 43.7 hours related to copyrights.  No copyright claims were asserted.

There are 11.1 hours apparently related to claims by Larry Davis against Plaintiffs in Davis v. Spolar, Adam County, Illinois State Court Case No. 2019CH6

And an October 1, 2020 entry regarding "Media Strategy" for 0.8 hours

## III.   ARGUMENT

This motion is both procedurally and substantively flawed.  The procedural flaws include untimeliness and violation of Local Rule 7-3, both of which warrant denial.  Further, there is no basis to determine that Plaintiffs "prevailed," in the practical sense, let alone "on the contract."  Additionally, the bulk of fees appear to be related to Discovery Communications – a party Plaintiffs voluntarily dismissed and that was never represented by Defendants' counsel.  Finally, the fees are grossly unreasonable, especially in light of the stage of the litigation this case settled at, the results obtained, and the errors made by counsel on virtually every issue that an error could be made on.

### A.    This Motion Should Be Denied on Several Procedural Grounds

#### 1.    This Motion is Untimely for Several Reasons

A motion for attorney's fees must be, "filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  Judgment is entered:

(1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or

(2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:

(A) it is set out in a separate document; or

(B) 150 days have run from the entry in the civil docket.

Fed. R. Civ. P. 58(c).

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Rule 79(a) of the Federal Rules of Civil Procedure essentially requires the clerk to enter the document into the docket with a consecutive file number.

### a.     Judgment Was Entered on June 18, 2021

On June 18, 2021, both Defendants [Dkt. 69] and Plaintiffs [Dkt. 70, 71], filed the accepted Rule 68 offer.

The duty to enter judgment is ministerial. *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997) ("The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured."); *Simon v. Intercontinental Transp. (ICT) B.V.*, 882 F.2d 1435, 1439 (9th Cir. 1989) (finding that "the mandatory cast of [Rule 68] 'leaves no room for district court discretion.'") (quoting *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 442 (9th Cir. 1982)); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) (finding that "Rule 68 judgments are self-executing."); *Thweatt v. Koglmeier, Dobbins & Smith*, 2006 U.S. Dist. LEXIS 57657, *6 (D. Ariz. Aug. 15, 2006) ("Outside of a very few exceptions not relevant here to this action, a Rule 68 offer of judgment is self-executing once its acceptance is filed with the Court and neither the Court nor any court official has any discretion to do anything regarding that acceptance other than to enter judgment.").

Here, the clerk did enter judgment on June 18, 2021 by entering the accepted Rule 68 offer into the docket as entry numbers 69, 70, 71. *See Gardner v. Catering by Henry Smith, Inc.*, 205 F.Supp.2d 49, 51 (E.D. N.Y. 2002) ("[T]he plaintiff's acceptance of the Rule 68 offer of judgment constitutes a final judgment.")

The question not answered by *Gardner* is whether an accepted Rule 68 offer is a "separate" judgment, so as to trigger immediate "entry" pursuant to Rule 58(c)(2)(A) of the Federal Rules of Civil Procedure (i.e. June 18, 2021), or there is a delay of up to 150 days for entry pursuant to Rule 58(c)(2)(B).  Defendants were

unable to find any case which says whether an accepted Rule 68 offer is a "separate" judgment. While there are cases which discuss the "separate" judgment requirement, there is no case Defendants could locate on how to determine whether a Rule 68 offer is "separate." Further, most cases on the "separate" judgment requirement don't discuss where the line between "separate" and a non-separate judgment lies.

The most apt authority appears to be a case from the Third Circuit. *Local Union No. 1992 of Int'l Bhd. of Elec. Workers v. The Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004) ("Rule 58's separate document provision must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered … In order to satisfy the separate document requirement, a judgment must, generally speaking, be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion.") (citations and quotations omitted).

Here, the accepted Rule 68 offer [Dkt. 69] meets those requirements: it says who has "won," and what relief was "awarded," and has omitted the reasons for this disposition. *See, also, In re Schimmels*, 85 F.3d 416, 421-22 (9th Cir. 1996) ("The separate judgment rule does not always require the filing of two separate documents … The mere fact that the order contains a single sentence detailing the history of the proceedings does not disqualify it as a separate order.") (citations omitted).

Finally, Defendants paid the $75,000.00 judgment on July 1, 2021, and Plaintiffs deposited that $75,000.00 check no later than July 12, 2021. (Quintana Decl. ¶¶ 3-6); (Ex. A.) This acceptance of the full amount of the judgment, thus satisfying the judgment, should operate as a bar to additions to the judgment. *See,*

*by analogy,* Fed. R. Civ. P. 60(b)(5)[2].  Defendants even warned Plaintiffs on August 4, 2021 that judgment had already been entered, and Defendants even used the term, "separate" judgment with Plaintiffs on August 10, 2021.  (Ex. D.)

Thus, the deadline to file a motion for attorney's fees was July 2, 2021.  Fed. R. Civ. P. 54(d)(2)(B)(i), 58(c)(2)(A).  The motion was filed September 13, 2021, over two months late.  [Dkt. 77.]

> **b.**   *In the Alternative, Judgment Was Entered on August 27, 2021*

Even if the Court disagrees that the accepted Rule 68 offer [Dkt. 69] is not a separate judgment, certainly the document entitled "Judgment" [Dkt. 75] is a separate judgment, and it was entered August 27, 2021.  (Exs. B, C.)  Plaintiffs concede this date.  [Dkt. 76 ("Judgment was entered in this action on 08/27/2021 / ECF No. 75 against …")].

Thus, the deadline to file a motion for attorney's fees was certainly no later than September 10, 2021.  Fed. R. Civ. P. 54(d)(2)(B)(i), 58(c)(2)(A).  The motion was filed September 13, 2021, three days late.  [Dkt. 77.]

> **2.**   <u>There Was No Meet-And-Confer as Required by Local Rule 7-3</u>

Local Rule 7-4 states, in relevant part:
The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.

Local Rule 7-3 states:
In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly,

---

[2] Defendants are <u>not</u> seeking to vacate the judgment.  Rather, Defendants intend to invoke the state-law satisfaction procedure.  *See Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007).

-13-
OPPOSITION TO MOTION FOR ATTORNEY'S FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Here, this case is not exempt pursuant to Local Rule 16-12, nor is this a discovery motion, application for a T.R.O., or preliminary injunction. Thus, a conference was required. Here, there was none. And even if Plaintiffs try to argue there was one in the their reply, the required statement on the front of their motion is missing.

As such, pursuant to Local Rule 7-4, the Court may deny their motion. The Court <u>should</u> deny their motion because if the parties had met-and-conferred in advance as required, Defendants would have explained all of the objections contained herein. Then Plaintiffs could have either removed some or all of the fees or, at the very least, Plaintiffs could have addressed Defendants' argument in their motion as contemplated by Local Rule 7-3, thus giving Defendants an opportunity to file a brief and evidence in response. Instead, Defendants will get a most oral argument to rebut any counter-arguments and counter-evidence Plaintiffs may attempt to include in their reply.

### B.    <u>There Is No Basis for Any Attorney's Fees</u>

Illinois follows the "American Rule," which provides that absent statutory authority or a contractual agreement, each party must bear its own attorney fees and costs. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 572, 739 N.E.2d 1263, 1271 (Ill. 2000). California follows the "American Rule," as well. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 565 (Cal. 2004) (citing Cal. Code Civ. Proc. § 1021.)

-14-
OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Statutes permitting the recovery of costs are in derogation of the common law and must be strictly construed. *Calcagno v. Personal care Health Management, Inc.*, 207 Ill. App. 3d 493, 502, 565 N.E.2d 1330, 1336 (Ill. App. 1991). Similarly, contractual provisions providing for attorney fees should also be strictly construed. *Helland v. Helland*, 214 Ill. App. 3d 275, 277-78, 573 N.E.2d 357, 359 (Ill. App. 1991).

Successful litigants cannot recover attorney fees as costs unless expressly authorized by a statute or agreement using specific language. *See Estate of Downs v. Webster*, 307 Ill. App. 3d 65, 70, 716 N.E.2d 1256, 1260 (Ill. App. 1999).

Here, Plaintiffs cannot rebut the default "American Rule," and thus Plaintiffs must bear their own attorney's fees.

     1.    <u>The Accepted Rule 68 Offer Did Not Expand Attorney's Fees; It Just Did Not Preclude Them</u>

A Rule 68 offer can either be inclusive of costs and attorney's fees or exclusive of them. *Nusom*, 122 F.3d at 833. Silence implies the offer is exclusive of costs and attorney's fees. *Id.* at 835.

However, there is no authority that suggests a Rule 68 offer which does not expressly bar a motion for attorney's fees operates to expressly allow attorney's fees when there is no underlying basis for attorney's fees.

For example, if a plaintiff took the position that a negligence claim entitled the plaintiff to an attorney's fees award if the plaintiff prevailed, and a defendant was confident such a claim could not give rise to attorney's fees exposure as a matter of law, and the attorney's fees issue was an impediment to settlement, a defendant should be able to serve a Rule 68 offer that did not preclude attorney's fees in the belief that the Rule 68 offer would be accepted, and the subsequent motion for attorney's fees would be denied.

Here, the relevant provision in the accepted Rule 68 offer is: "(<u>plus</u> costs and attorney's fees allowed by law, if any)" [Dkt. 69] (emphasis in original). Thus, it's

-15-
OPPOSITION TO MOTION FOR ATTORNEY'S FEES

clear that Defendants were neither authorizing Plaintiffs to file a motion for attorney's fees, nor preventing them from doing so.  As such, whether Plaintiffs are entitled to attorney's fees must be analyzed solely by reference to the Operative Complaint [Dkt. 48] and the final judgment [Dkt. 69] (or [Dkt. 75] in the alternative).

2.      The Accepted Rule 68 Offer Is Not "On the Contract"

The Operative Complaint [Dkt. 48] is comprised of six causes of action:
1) BREACH OF NON-DISCLOSURE AGREEMENTS;
2) BREACH OF CONTRACT - ARTIST HOLDING AGREEMENT;
3) BREACH OF IMPLIED IN FACT CONTRACT;
4) FRAUD;
5) UNFAIR COMPETITION; AND
6) UNJUST ENRICHMENT

(p. 1 of First Am. Compl. [Dkt. 48].)

Only one set of agreements attached to the Complaint contains an attorney's fees provision: the "non-disclosure" agreement.  The artist holding agreement attached does not contain an attorney's fees provision, nor does (or would) an implied-in-fact contract.  Fraud, unfair competition, and unjust enrichment do not provide for prevailing-party attorney's fees.  And contrary to Plaintiffs' claim, the causes of action are highly non-overlapping, like fraud, which is mutually exclusive with a breach of contract.  In other words, only the first cause of action had the potential to be a basis for an award of attorney's fees.  But Plaintiffs cannot establish they prevailed on the first cause of action because, *inter alia*, collateral estoppel a/k/a/ issue preclusion is not available here because that issue was not "actually" litigated.  *See, e.g., Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (citing *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992) for the elements of collateral estoppel); Jan H. Fisher, Federal Rule 68, A Defendant's Subtle Weapon: Its Use and Pitfalls, 14 DEPAUL BUS. L.J. 89, 92 (2001) ("[T]he elements necessary for collateral estoppel do not

exist where a plaintiff accepts a Rule 68 offer of judgment."); *Laxague v. Fireman's Fund Ins. Co.*, 220 Cal. App. 3d 530 (Cal. App. 1990).

The cases cited by Plaintiffs permitting attorney's fees on Rule 68 offers are clearly distinguishable from the instant case. In *Miller v. City of Portland*, 868 F.3d 846 (9th Cir. 2017), the only claims asserted in the complaint were 42 U.S.C. § 1983 claims which provide for attorney's fees. 42 U.S.C. § 1988. Here, only one of six causes of action carried a potential award of attorney's fees. Further, and probably more important to the Court in *Miller*, there was no, "allowed by law, if any," language with respect to costs/attorney's fees in the Rule 68 offer in *Miller* like there is here.

Both *Alicea v. All Our Children's Advoc. Ctr.*, No. 15-cv-07795, 2017 WL 6513164, at *2 (N.D. Ill. Sept. 6, 2017) and *Lasswell v. City of Johnston City*, 436 F. Supp. 2d 974, 978 (S.D. Ill. 2006) are 42 U.S.C. § 1983 cases, thus not applicable here for the same reasons *Miller* is not applicable. Further, the primary issue in *Alicea* is post-offer attorney's fees/costs and the primary issue in *Lasswell* was the Court could not determine if the Rule 68 offer of $1,500.00 was for the full value of the case, or a fraction therefore.

Here, the issue is whether there is an underlying basis for attorney's fees at all. Defendants contend there is not. That was not an issue in *Miller*, *Alicea*, or *Lasswell* because those were all 42 U.S.C. § 1983 cases which provide for attorney fees pursuant to 42 U.S.C. § 1988.

3.     Plaintiffs Did Not Practically Prevail

In its original complaint [Dkt. 1], Plaintiffs prayed for multiple permanent injunctions. It even filed an application for a T.R.O. [Dkt. 8] which was resoundingly denied. [Dkt. 22.] It then dismissed Discovery Communications, LLC. [Dkt. 28.] The complaint was then amended, but retained the extensive requests for injunctions in the prayer (albeit slightly reformatted.) [Dkt. 48.]

-17-
OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Defendants agreed to pay only monetary relief in the amount of $75,000.00 underlined. [Dkt. 69.]  Thus, at this point Defendants are permitted by law to continue to publish the documentary, without an injunction, by virtue of the protections of *res judicata*.  *Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (discussing the scope of res judicata) (citations omitted).  While Plaintiff may have prevailed monetarily, Defendants prevailed equitably.  The value of these equitable rights to publish have been estimated at hundreds of thousands to millions of dollars by Discovery Communications, LLC, which is much larger than the money obtained by Plaintiffs.  (Declaration of D'Alessandro ¶¶ 4-5 [Dkt. 14-3.].)

There does not appear to be a material difference between California and Illinois law on the subject of determining the prevailing party on the contract as can be seen in the paragraph, below.  While there is no case that is terribly close to the instant case, the case that comes closest to the facts here appears to be *Nasser v. Superior Court*, 156 Cal. App. 3d 55 (Cal. App. 1984).  In the *Nasser* case, the tenant prevailed on the injunctive relief (the tenant was not evicted), but the landlord prevailed on the monetary relief.  *Id.* 55.  The Court of Appeal affirmed the trial court's finding that there was no prevailing party.  Here, Defendants prevailed equitably, i.e. there was no injunction, while Plaintiffs did obtain some monetary relief (a fraction of their claimed attorney's fees).  As such, this Court can and should find there is no prevailing party.

*See, also, Berkla v. Corel Corp.*, 290 F.3d 983, 993 (9th Cir. 2002) ("[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section."); *Med+Plus Neck & Back Pain Center, S.C. v. Noffsinger*, 311 Ill.App.3d 853, 861, 726 N.E.2d 687, 694 (Ill. App. 2000) (the plaintiff was not the prevailing party because although it won a judgment on the issue of liability, it lost its claim for liquidated damages and failed

-18-
OPPOSITION TO MOTION FOR ATTORNEY'S FEES

to prove any actual damages);  *Raffel v. Medallion Kitchens of Minnesota, Inc.*, 139 F.3d 1142 (7th Cir.1998) (no abuse of discretion in court's finding that case was a draw and therefore no award of attorney fees).  *Brown & Kerr v. American Stores Properties*, 306 Ill. App.3d 1023, 715 N.E.2d 804 (Ill. App. 1999) (affirming trial court's finding that neither side prevailed because both sides won and lost issues).

### C.   Plaintiffs Are Not Entitled to Attorney's Fees Incurred as to Discovery Communications

Plaintiffs should be not be entitled to attorney's fees incurred against a party other than Defendants.  For example, the application for a T.R.O. was not even directed to Defendants as can be seen from the proposed order.  [Dkt. 8-4].

Further not only did Defendants dismiss Discovery Communications, LLC, they did so in exchange for a mutual waiver of costs and attorney's fees.  [Dkt. 28]. Therefore, Discovery Communications, LLC has already "paid" Plaintiffs' costs and attorney's fees by giving up their right to pursue the same from Plaintiffs.  *See Water Techs. Corp. v. Calco Ltd.*, 709 F. Supp. 821, 825 (N.D. Ill. 1989) (reducing attorneys' fees to account for time spent litigating against settling co-defendant).).

### D.   The Amount of Attorney's Fees Sought Are Grossly Unreasonable

If the complexity of a case's facts or legal guideposts does not explain a party's attorneys' time, a court can reduce the fees due to the attorneys' poor recovery versus what they believed the claim was worth.  *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 574, 579 (1986)). "[A] comparatively large fee request raises a red flag," and "a court should give 'increased reflection' before awarding attorney's fees that are several times the amount of the actual damages." *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 546 (7th Cir. 2009).

Here, in contrast to most cases where the award of attorney's fees is made after trial, this case was in its infancy when the Rule 68 offer was accepted, yet

-19-

Plaintiffs are seeking attorney's fees that exceed 250% of the amount they obtained in the Rule 68 offer.  Thus, even an award of attorney's fees equal to one third of $75,000.00 is disproportionate to the recovery as its equivalent to an award of three or four times $75,000.00 after incurring the expenses of discovery and trial.

      1.      <u>The $4,600.00 Fee from Local Rule 55-3 Is What Is Reasonable Here; Assuming Plaintiffs Are Entitled to Attorney's Fees at All</u>

Local Rule 55-3 presumes that $4,600.00 is a reasonable amount of attorney's fees for preparing a complaint with a demand of $75,000.00, managing service of process, and preparing a default judgment application.

Here, Plaintiffs did little more than that as to Defendants.  It's true that Plaintiffs filed a (flawed) application for a T.R.O., but that application was not directed at Defendants as can be seen from the Proposed Order.  [Dkt. 8-4].  Rather, it was directed to Discovery Communications, LLC, a party Plaintiffs voluntarily dismissed in exchange for a mutual waiver of costs and attorney's fees. [Dkt. 28.]  And it was denied.  [Dkt. 22.]

It's also true that Plaintiffs filed an amended complaint, too, but that was voluntary.  Because the trade secret causes of action were omitted, it appears the amended complaint was a response to the Court's denial of the T.R.O.  [Dkt. 22.]

Finally, it's also true that Plaintiffs produced 3 ¼ pages of Initial Disclosures.  (Ex. E.)  However, they were not required to prepare a default judgment application, which likely would have taken more time than the cursory Initial Disclosures.  L.R. 55-1.

      2.      <u>This Matter Was Overstaffed and Overbilled</u>

The use of multiple attorneys can create duplication of effort, requiring the Court to "'trim the fat' attributable to the inefficiencies."  *Young v. Verizon's Bell*

*Atl. Cash Balance Plan*, 783 F. Supp. 2d 1031, 1040 (N.D. Ill. 2011) (reducing hours by 30% to counter inflation of hours created by five attorneys).

Here, this case was grossly overstaffed, especially in light of the diminutive case size as evidenced by the accepted Rule 68 offer.  Further, as can been seen from the billing records, it appears different attorneys would heavily bill, then disappear from the case: first Mr. Casey appeared to take the baton, then Mr. Wiseman, then Mr. Mack, then Mr. Casey and Mr. Holbrow, then Mr. Scott.

> 3. <u>Plaintiffs' Counsel Engaged in Block Billing Which Makes Analysis Far More Difficult</u>

Block billing is typically grounds for reducing an award in two instances. First, when the entry relates to more than one case, or more than one aspect of the same case, not all of which are compensable, and it is not possible to determine the amount of time spent on each.  *See Kinney v. Federal Security, Inc.*, No. 01 C 0838, 2002 U.S. Dist. LEXIS 16914, at *20 (N.D. Ill. Sept. 9, 2002).

Second, block billing may justify reducing an award when the entries lack enough specificity to determine if the time spent on each task is reasonable. *See Abbott v. Village of Winthrop Harbor*, No. 93 C 4642, 1999 U.S. Dist. LEXIS 13346, at *9 (N.D. Ill. Aug 24, 1999).  Because the movant must produce documentation of the hours spent to establish the reasonableness of the fees, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), entries which lack enough specificity to determine if the time was reasonable may be reduced or eliminated, *id.*; *Abbott*, 1999 U.S. Dist. LEXIS 13346, at *9.

Here, there appears to be a plethora of billing that is not allowed: litigation against Discovery Communications, LLC, unasserted copyright claims, claims by Larry Davis against Plaintiffs in *Davis v. Spolar*, Adam County, Illinois State Court Case No. 2019CH6, and P.R./Media Relations.  This billing appears conflated with other matters.

Further, the block billing also prevents the Court for determining what, exactly Plaintiffs' counsel was doing to bill so many hours on a relatively small case.

            4.    <u>Mr. Casey Does Not Have Personal Knowledge of What Others Have Done</u>

Mr. Casey is only competent to declare what he has done.  Therefore, Defendants object to paragraphs 4 through 7, and 10 through 21 of Casey's declaration [Dkt. 77-1] on the ground of lack of personal knowledge and hearsay. *See* Fed. R. Evid. 602, 802.  Defendants object to Exhibits 1, 2, and 3 [Dkt 77-2, 77-3, and 77-4] on the ground of lack of authentication and hearsay.  *See* Fed. R. Evid. 802, 901.

            5.    <u>The Fees Should be Reduced Because of a Poor Outcome and Serious Errors Made</u>

"A plaintiff who achieves 'excellent results' should receive the entire lodestar, but where 'a plaintiff has achieved only partial or limited success,' the lodestar 'may be an excessive amount.'" *Montanez*, 755 F.3d at 556 (quoting *Hensley*, 461 U.S. at 435-36).

Here, as discussed in section III(B)(3), above, Plaintiffs received a poor result.  And as discussed in section II(A) and Docket Entry 22 (the Court's order denying the application for T.R.O. on the ground that trade secrets were not identified, inter alia), there were a plethora of errors made by Plaintiffs' counsel.

**IV.**      **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny the motion for attorney's fees in its entirety.

///

///

DATED: September 27, 2021        M.K. HAGEMANN, P.C.

                                 By: /s/ Michael K. Hagemann
                                 Michael K. Hagemann
                                 Attorneys for Defendants
                                 UNREALISTIC IDEAS, LLC, PIECE OF
                                 WORK PRODUCTIONS, LLC, ARCHIE
                                 GIPS, WHITNY BRAUN, AND JAMES
                                 BRAUN

OPPOSITION TO MOTION FOR ATTORNEY'S FEES