BUCHALTER, A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
    wholbrow@buchalter.com
MATTHEW L. SEROR (SBN: 235043)
    mseror@buchalter.com
SEAN M. CASEY (SBN: 179641)
    scasey@buchalter.com
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017
Telephone:  213.891.0700

BUCHALTER, A Professional Corporation
DYLAN WISEMAN (SBN: 173669)
    dwiseman@buchalter.com
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone:  415.227.3546

Attorneys for Plaintiffs JERRY A. SPOLAR
and TONNY JILL WILLIAMSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY A. SPOLAR, an individual; TONNY JILL WILLIAMSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNREALISTIC IDEAS, LLC, a Delaware limited liability company; PIECE OF WORK PRODUCTIONS, LLC, a California limited liability company; ARCHIE GIPS, an individual; WHITNY BRAUN, an individual; JAMES BRAUN, an individual; and DOES 1 through 25, <br><br> Defendants. | Case No. 2:20-cv-08837 SVW (MAAx) <br><br> **PLAINTIFFS JERRY A. SPOLAR & TONNY JILL WILLIAMSON'S REPLY IN SUPPORT OF APPLICATION TO COSTS** |

Plaintiffs submit this memorandum in response to the Objections filed by Defendants. (Dkt. No. 78). Although it is not clear from Defendants' memorandum, the Clerk should know that the substantive arguments raised by Defendants were also raised in its Opposition to Plaintiffs Motion for Attorneys' Fees (Dkt. No. 79). The Attorneys' Fees Motion is currently scheduled to be heard by Judge Wilson on October 18, 2021.

## I.   PLAINTIFF'S APPLICATION TO TAX COSTS IS TIMELY

Defendants raise a series of frivolous arguments in an attempt to demonstrate that Plaintiffs' application to tax costs was untimely. Their argument is even internally inconsistent, as they propose two separate dates that are months apart, as the date on which the Judgment was entered.

In the first instance, Defendants contend that the Judgement was entered on August 27, 2021 in reliance on a clerical error. In the second instance, they contend that the Judgment was entered on June 18, 2021, based on an erroneous and inapplicable interpretation of the timing of entry of a Rule 68 Offer of Judgment. They are wrong on both counts. A simple review of the docket confirms that only one Judgment was entered in the case and that was on August 30, 2021:

| 08/27/2021 | 75 | JUDGMENT by Judge Stephen V. Wilson. Related to: REQUEST for Judgment on the Pleadings as to Defendants' Offer of Judgment (Dkt 69-1) 74 . IT IS ORDERED AND ADJUDGED that: 1) Judgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $75,000.00 (plus costs and attorney's fees allowed by law, if any). (MD JS-6, Case Terminated). (mrgo) (Entered: 08/30/2021) |

### A.   Clerical Error Does Not Change Facts

Plaintiffs' Application to Tax Costs inadvertently provided that the judgment was entered on August 27, 2021. Dkt. No. 76-1. Defendants seize on this clerical error and contend that the error somehow changes the actual date on which judgment was entered. Dkt. No. 78 at pp. 4:20–5:5. It does not.

Tellingly, Defendants cite <u>no</u> authority, nor can they, to support their

argument.  Indeed, Defendants cannot ignore the facts:  the judgment was signed on August 27, 2021, but was not <u>entered</u> until August 30, 2021.  Dkt. No. 75.  Therefore, the deadline for Plaintiffs to file an application was September 13, 2021.  L.R. 54-1.  As such, Plaintiffs' Application to Tax Costs ("Costs Application") was timely filed.

### B. The Filing of Notices and Competing Proposed Judgments by the Parties, in June 2021, Does Not Constitute Entry of a "Judgement."

Defendants contend that documents filed on June 18, 2021 constitute the entry of a Judgment.  A simple review of the documents filed on that date and the Court's response thereto, however, confirm that is not the case.

- On  June 18, 2021, Defendants filed (i) a Notice of Offer of Judgment (Dkt. No. 68); (ii) a Notice of Acceptance of Offer of Judgment with "[Defendants' Proposed] Judgment" (Dkt. No. 69); and Objections to Plaintiffs' Proposed Judgment 71 (Dkt. No. 72).
- On June 18, 2021, Plaintiffs filed (i) a Notice of Offer of Judgment (Dkt. No. 70) and (ii) Plaintiffs' [Proposed] Judgment (Dkt. No. 71).
- On June 30, 2021, Judge Wilson entered an Order stating: "The Court is unable to intervene in the Rule 68 dispute.  Unless the parties have agreed on terms pursuant to Rule 68, the trial date will remain on calendar."

In its Objections to the Cost Application, Defendants contend that the Clerk "entered" the Rule 68 Notices filed by the Parties on June 18, 2021, and the case was over.  Again, this is belied by the facts.  There is no evidence that the Clerk took any action relating to the Offer of Judgment, the Notices were simply instantaneously "entered" into the docket, simply by virtue of their filing through the ECF system.  Moreover, it is clear from the Court's June 30th Order that no Judgment had been entered, as Judge Wilson confirmed that the trial date "*will remain on calendar*".

As noted above, the actual Judgment was entered by Judge Wilson on August

30, 2021 (Dkt. No. 75).

Defendants attempt to argue that Cost Application is two months late because Docket Number 69, filed on June 18, 2021, is a "'separate' judgment so as to trigger immediate 'entry' pursuant to Rule 58(c)(2)(A)." Dkt. No. 78 at p. 3:12–4:9. This makes no sense and Defendants even concede that they were unable to find any support for their position that an accepted Rule 68 offer is a "separate" judgment, so as to trigger immediate "entry" pursuant to Rule 58(c)(2)(A). Opp. p. 3.

Moreover, the cases they do rely on are easily distinguishable as none of the cases involve the facts here, namely (1) both parties submitted competing [Proposed] Judgments; (2) the Court rejecting the [Proposed] Judgments and instead issuing an Order advising that the trial date remained in place, despite the filings of the Notices; and (3) the Court ultimately issuing an actual Judgment. As the Court executed, filed and entered a *separate document*, Docket Number 75, judgment was entered on August 30, 2021—the date the Clerk entered the Judgment on the civil docket. Fed.R.Civ.P. 58(c). [1]

## II. Judgment Was Entered Against Defendants' on ALL Counts – Claim that Plaintiffs Are Not the Prevailing Party Is Frivolous

In a last-ditch effort to convince the Clerk that Plaintiffs' are not entitled to recover their costs, Defendants contend "this Court can and should find there is no prevailing party".Dkt. 78 at pp. 6:3–4, 5:12–21. Tellingly, none of the cases cited by Defendants deal with an accepted Offer of Judgment. That is because under Illinois law, the party accepting an offer of judgment is considered the "prevailing party" such that an award of costs is appropriate under Federal Rule of Civil Procedure 54(d)(1). *Garcia v. Oasis Legal Finance Operating Co.,* 608 F.Supp.2d 975, 979 (N.D. Ill. 2009) ("The Seventh Circuit, however, has clearly indicated that where a

---

[1] The date a Judgment is entered is not altered simply because Defendants' attorney mailed a check to Plaintiffs' law firm, which was subsequently deposited in the firm's trust account. Notably, Plaintiffs provide no meaningful support for this contention.

4

plaintiff accepts an Offer of Judgment and judgment is entered in favor of the plaintiff, the plaintiff is a prevailing party, even if the amount is unremarkable.) (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (plaintiff who accepted a $ 1,100 Offer of Judgement was determined to be "a prevailing party by virtue of the judgment entered in his favor in this case."); *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) (holding that a Rule 68 judgment "suffices to establish plaintiffs as the prevailing party" despite a disclaimer of liability in the offer) (citing *Maher v. Gagne*, 448 U.S. 122 (1980)).

As Defendants' concede Illinois law is applicable and/or not materially different from California law (Opp. at p. 5), Plaintiffs are prevailing parties. Indeed, the Judgment entered in this case provides that "[j]udgment is entered in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $75,000 (*plus costs and attorney's fees* allowed by law, if any)." Dkt. No. 75, emphasis added.

Defendants' authorities are misleading and provide no support for their position. For example, Defendants contend that "the case that comes closest to the facts here appears to be *Nasser v. Superior Court,* 156 Cal. App. 3d 52 (Cal. Ct. App. 1984)." (Opp. p. 5) Again, this case did not involve an Offer of Judgment. Instead, *Nasser* involved *two separate actions*: one for unlawful detainer and one for declaratory relief. *Nasser v. Superior Court*, 156 Cal. App. 3d 55. The court found plaintiff was the prevailing party in the unlawful detainer action and thus entitled to attorney's fees and costs and because plaintiff did not succeed in the declaratory judgment action, plaintiff was not the prevailing party for that claim. *Id.* Here, unlike in *Nasser*, the court entered *one order* in *one action* after the acceptance of a Rule 68 offer. See also, *Med+Plus Neck & BackPain Center S.C. v. Noffsinger,* 726 N.E. 2d 687 (Ill. App. Ct. 2000), the plaintiff received a judgment that defendant breached

the underlying employment agreement while the defendant succeeded on the plaintiff's damages claims. Court concluded that both parties were prevailing.

Again, the facts in the case are clearly distinguishable from Defendants' authority. Here, the Court has not found that Defendants are the prevailing party for any of Plaintiffs' claims. Rather, as explained above, the Judgment was entered against Defendants on all counts, pursuant to a Rule 68 offer. Accordingly, Plaintiffs are the prevailing parties.

## III. PLAINTIFFS' COSTS ARE REASONABLE AND RECOVERABLE.

### A. Defendants' Proposal for Service of Process Fees is Pulled Out of Thin Air.

Defendants' contend that "[t]he reasonable fee for serving all five Defendant's should be . . . $300.00." However, Defendants provide no support for their $60.00 per Defendant proposal.

Plaintiffs' costs for services of process are the actual costs incurred by Plaintiffs to effectuate service (Dkt. 77-1, ¶ 4; *id.*, Ex. 4), which was difficult due to Defendants continuous attempts to evade service. Indeed, the Local Rules anticipate situations such as these. Local Rule 54-3.2 expressly provides that "fees for service of process under F.R.Civ.P. 4 . . . are taxable, *including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service.*" L.R. 54-3.2 (emphasis added). Therefore, Plaintiffs' costs for service of process were necessary – as demonstrated by the accompanying invoices. Plaintiffs are entitled to recover the costs it incurred for process service in the amount of $4,544.00.

### B. Certification, Exemplification, and Reproduction of Documents

Defendants claim that Plaintiffs' provided "no explanation" for their certification, exemplification, and reproduction of documents costs. Dkt. 78 at p. 7:18–23. Defendants claim that Plaintiffs' provided "no explanation" for their certification, exemplification, and reproduction of documents costs. Dkt. 78 at p.

7:18–23. But Plaintiffs have provided the requisite specificity to establish entitlement to costs for exemplification under this Court's Local Rules. See L.R. 54-10; *see also* Casey Decl.,¶ 3; *id.* at Ex. 3; *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) ([The prevailing party] was not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs. Rather, [the prevailing party] was required to provide the best breakdown obtainable from retained records.").

Additionally, Local Rule 54-3.10 only requires "a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed." L.R. 54-10. Plaintiffs have done just that. *See* Casey Decl.,¶ 3; *id.* at Ex. 3. Accordingly, Plaintiffs should be awarded $713.12 in costs for certification, exemplification, and reproduction of documents.

Defendants provide no support for its contention that Plaintiffs are not entitled to recover the costs associated with serving other Defendants (e.g., Discovery) and there was no exclusion in the Judgment for costs associated with other Defendants. Accordingly, Plaintiffs are entitle to recover such costs.

Finally, Plaintiffs agree to withdraw their requests for costs associated with Lincoln Transcript in the amount of $435, as it apparently doesn't fit squarely within Local Rules 54-3.4 or 54-3.5

///
///
///
///
///
///
///

## IV. <u>CONCLUSION</u>

For the reasons set forth above, after deducting $435 for the Lincoln Transcript, Plaintiffs respectfully request that the Clerk award costs in the amount of $5,222.12.


DATED: September 30, 2021     BUCHALTER
                              A Professional Corporation


                              By: */s/ Willmore F. Holbrow*
                                   Willmore F. Holbrow III
                                   Matthew L. Seror
                                   Sean M. Casey
                                   Dylan Wiseman
                                   Attorneys for Plaintiffs
                                   Jerry A. Spolar and Tonny Jill Williamson.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

9
**PROOF OF SERVICE**

BN 47130581v11